UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA,<br><br>Plaintiff,<br><br>v.<br><br>J. SWETALLA, et al.,<br><br>Defendants. | No. 1:18-cv-01023-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 40) |

On January 7, 2021, Plaintiff Cion Peralta, a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, filed a motion to compel discovery. (ECF No. 40). The motion seeks to compel Defendants J. Swetalla, L. Machado, V. Powers and Xavier Cano ("Defendants") to answer four interrogatories and produce documents in response to three requests for production. Defendants filed an opposition to the motion on January 28, 2021. (ECF No. 43). On February 22, 2021, the Court ordered Defendants to provide the text of Machado Interrogatory No. 14 and the response thereto. (ECF No. 44). Defendants complied on February 26, 2021. (ECF No. 45).

For the following reasons, the Court grants in part and denies in part Plaintiff's motion.

**I.   BACKGROUND**

On September 21, 2020, the Court granted Defendants' motion to modify the scheduling order. (ECF No. 31). The Court extended the non-expert discovery cutoff to October 21, 2020 and

1

1  the dispositive motion filing deadline to December 2, 2020.  Three days after the Court granted
2  Defendants' motion, Plaintiff filed an opposition to Defendants' motion. (ECF No. 32). That
3  response indicated that Plaintiff had not received responses to the discovery requests he sent on
4  July 13, 2020.

5        On October 5, 2020, the Court held a discovery and status conference. The Court inquired
6  about Defendants' discovery responses. Defendants' counsel represented that her docketing
7  department is supposed to scan discovery requests, that her records indicated that the requests
8  were received but not scanned, and that scanning "has been an issue" with the docketing
9  department. The Court ordered Plaintiff to re-send the discovery requests and Defendants to
10 respond by November 23, 2020. The Court set a December 16, 2020 deadline for Plaintiff to file a
11 motion to compel and January 15, 2021 deadline for Defendants to respond. (ECF No. 33).

12       On December 4, 2020, Plaintiff filed a motion for an extension of time. (ECF No. 36). The
13 motion argued that counsel "intentionally misle[]d this court by claiming she never received
14 plaintiff's discovery requests" because the Defendants signed his July 13, 2020 discovery
15 requests on July 31, 2020—well before the status conference. (*Id.* at 1).

16       On December 9, 2020, the Court granted the motion in part by extending the motion to
17 compel filing and response deadlines by four weeks. (ECF No. 37 at 3) (extending Plaintiff's
18 deadline to January 13, 2021 and Defendants' response deadline to February 12, 2021). With
19 respect to counsel's representations, because "there [was] no motion for sanctions or other request
20 for relief based on this apparent inconsistency, the Court [did] not weigh in on it any further." (*Id.*
21 at 2 n.1).

22       On December 16, 2020, Defendants filed a motion for summary judgment. (ECF No. 38).
23       On December 22, 2020, Defendants filed a "Statement of Non-Opposition to Plaintiff's
24 Motion to Extend the Discovery Deadline." (ECF No. 39). The opposition stated that counsel did
25 not misrepresent anything to the Court: "As counsel stated during the status conference, copies of
26 the responses to Plaintiff's discovery requests were not in the electronic file. Copies of
27 Defendants' responses to Plaintiff's discovery requests were located after the status conference,
28 and were provided to Plaintiff when they were located." (*Id.* at 2).

1    On January 7, 2021, Plaintiff filed the motion to compel discovery now before the Court.
2 Defendants filed an opposition on January 28, 2021. Plaintiff has not filed a reply.

3    On February 22, 2021, the Court ordered Defendants to provide additional information
4 concerning one of Plaintiff's discovery requests. (ECF No. 44). Defendants complied on February
5 26, 2021. (ECF No. 45).

6    Plaintiff alleges that Defendant Swetalla beat and sexually assaulted Plaintiff to retaliate
7 against Plaintiff's sending complaints to various law enforcement agencies. (ECF No. 1 at 3-4).
8 Plaintiff alleges that after Plaintiff reported the sexual assault, Defendant Machado retaliated
9 against him by threatening him with violence. (*Id.* at 8). Plaintiff alleges that Defendants Cano
10 and Powers placed Plaintiff in administrative segregation for three months after Plaintiff was
11 transferred to another facility in violation of his due process rights. (*Id.* at 11).

12 **II.    LEGAL STANDARDS**

13    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
14 party's claim or defense and proportional to the needs of the case, considering the importance of
15 the issues at stake in the action, the amount in controversy, the parties' relative access to relevant
16 information, the parties' resources, the importance of the discovery in resolving the issues, and
17 whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
18 Civ. P. 26(b)(1).  Furthermore, discoverable information "need not be admissible in evidence."
19 *Id*.

20    Under Federal Rule of Civil Procedure 34(a), any party may serve on any other party a
21 request within the scope of Federal Rule of Civil Procedure 26(b) to produce and permit the party
22 making the request to inspect and copy any designated documents which are in the possession,
23 custody, or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1)(A).
24 "[A] request is sufficiently clear if it places the party upon reasonable notice of what is called for
25 and what is not." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (internal quotation
26 marks and citation omitted).

27    Pursuant to Federal Rule of Civil Procedure 33(a), an interrogatory may relate to any
28 matter that may be inquired into under Federal Rule of Civil Procedure 26(b), and "[a]n

3

interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact….” Fed. R. Civ. P. 33(a)(2). “Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath,” Fed. R. Civ. P. 33(b)(3). If a responding party does object, “[t]he grounds for objecting… must be stated with specificity.” Fed. R. Civ. P. 33(b)(4).

Under Rule 37 of the Federal Rules of Civil Procedure, “[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.” Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an “evasive or incomplete disclosure, answer, or response….” Fed. R. Civ. P. 37(a)(4).

## III.  ANALYSIS

### A.  Defense Counsel's Representation Regarding Late Response

Plaintiff argues that Defendants' counsel was deceptive in a telephonic status conference by stating that she had not received his discovery requests. Defendants state that their counsel did not mislead the Court. Defendants also argue that Plaintiff does not show that he is prejudiced by Defendants' failure to respond.

At the telephonic status conference, counsel indicated that she believed her docketing department incorrectly uploaded Plaintiff's requests. During that conference, it was the Court's impression that defense counsel was stating that she had not received the requests until long after they were sent. Indeed, the Court was surprised to learn that the responses showed a signature date of July 31, 2020, long before the conference on October 5, 2020. Now, defense counsel appears to be suggesting that the error occurred after the responses had already been prepared.

In any event, the Court will not sanction defense counsel. It does not appear that defense counsel intended to delay the response, and defense counsel has repeatedly represented that a computer error was the reason for the delay. More importantly, Plaintiff will not suffer prejudice from Defendants' delays. The Court extended Plaintiff's deadline to file a motion to compel and, as discussed below, will permit Plaintiff file a supplement to his opposition to Defendants' motion for summary judgment.

///

**B.     Requests for Production**

The Court now turns to the specific requests at issue, and rules as follows:

        1.      <u>Request to Cano</u>

Plaintiff made the following request to Defendant Cano:

> Plaintiff Peralta requests specifically the following documents as they pertain to Peralta being continually held in administrative segregation from 11/16/15 through 2/10/16. This includes any rule, regulation, reports, memoranda, or any other usable form of document for Peralta's inspection and review. This request also includes any documents you intend on using at trial as a defense or justification for keeping Peralta in administrative segregation as opposed to releasing him to a general population yard at CSP-LAC.

(ECF No. 40 at 6-7).

Defendant Cano responded:

> Responding party objects to this request on the grounds that it is compound, is vague as to which specific documents Plaintiff is seeking, is unduly burdensome, and is overly broad. Without waiving these objections, and to the extent Plaintiff is seeking documents regarding his retention in administrative segregation, documents responsive to this request are maintained in Plaintiff's central file, which is available for inspection and copying in accordance with institutional policies and procedures and are equally available to Plaintiff. The responding party objects to the request for disclosure of documents he intends to use as trial as premature and in violation of the attorney work product doctrine. The documents the responding party intends to use at trial will be identified and disclosed in compliance with the Court's pretrial orders.

(*Id.* at 7).

The Court overrules Defendant's objections and orders Defendant to produce ***all documents regarding Peralta being continually held in administrative segregation from 11/16/15 through 2/10/16, including any rule, regulation, reports, or memoranda that Defendant's referred to or relied on in keeping Peralta in administrative segregation as opposed to releasing him to a general population yard at CSP-LAC***.

Although his request is imperfectly worded, it is clear that Plaintiff is seeking documents concerning why he was held in administrative segregation. Those documents may or may not be in Plaintiff's central file. However, this is not a valid objection. Defendants are the ones who placed Plaintiff in administrative segregation so are the best persons to identify documents regarding the basis for, and applicable rules regarding, this decision. Moreover, "[a]n objection

1 that documents are equally available to the requesting party is inappropriate." *Miller v. White*,
2 2020 WL 4001624, at \*6 (C.D. Cal. May 27, 2020), *findings and recommendations adopted*,
3 2020 WL 3470500 (C.D. Cal. June 24, 2020); *accord Pangborn v. Los Angeles Cty. Deputy*
4 *Sheriffs Lieutenant Baudino*, 2018 WL 6265055, at \*4 (C.D. Cal. Sept. 27, 2018) (in action
5 brought by incarcerated plaintiff against former jailors, "to the extent defendants object that
6 discovery requests in issue call for the production of information equally available to plaintiff,
7 such objections are overruled. Multiple courts have unambiguously stated that this exact objection
8 is insufficient to resist a discovery request." (citing cases)); *St. Paul Reins. Co. v. Commercial*
9 *Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("The plaintiffs' fifth objection to CFC's
10 request is based on the ground that it seeks information and documents equally available to the
11 propounding parties from their own records or from records which are equally available to the
12 propounding parties."); *Miller v. White*, 2020 WL 4001624, at \*6 (C.D. Cal. May 27, 2020),
13 *findings and recommendations adopted*, 2020 WL 3470500 (C.D. Cal. June 24, 2020) ("An
14 objection that documents are equally available to the requesting party is inappropriate."); *Nat'l*
15 *Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal.
16 2009) (similar and quoting *St. Paul Reins. Co.*).  This is especially the case considering the
17 difficulties obtaining copies generally for inmates, and especially during pandemic related
18 restrictions.

19 Defendants do not provide any basis for their objection on burden.

20 As to the objection on work-product, courts have found a request for production of
21 documents a party intends to use at trial permissible. *See Clinton v. Cal. Dep't of Corr.*, 2:05-cv-
22 1600-LKK-CMK (P), 2009 WL 1617811, at \*1 (E.D. Cal. June 9, 2009) (granting defendants
23 motion to compel plaintiff "to produce all documents he intends to use at trial"). In any event, the
24 Court has construed the request to include all documents regarding the placement into
25 administrative segregation, regardless of whether Defendants will use the documents at trial.

26 Finally, the Court notes that Defendant's objections—many of which are repeated by
27 other Defendants—are not well taken.  This document request clearly seeks documents related to
28 Defendant's decision to put Plaintiff in administrative segregation.  This issue is central to the

case. The Court would have expected Defendant to produce such documents without objection. Indeed, it would seem that Defendant would wish to produce such documents himself so he could defend his decision at trial. To object to even providing documents Defendant intends to use at trial in his own defense on a critical issue in this case is not consistent with Defendant's discovery obligations.

### 2. Request to Swetalla

Plaintiff made the following request to Defendant Swetalla:

> Plaintiff Peralta specifically requests any and all non-confidential, memoranda, reports, whether writ[t]en or in any other usable form for plaintiff Peralta's inspection and review. This includes all documents you defendant Swetalla intend on using at trial as a defense to Peralta's claims against you of sexual assault and excessive force.

(ECF No. 40 at 6-7).

Swetalla provided the following response:

> Responding party objects to this request the grounds that it is vague and ambiguous as to what documents Plaintiff is requesting, as he fails to specify the subject matter of the documents requested. The request for documents the responding party intends to use at trial is premature and violates the attorney work product doctrine. These documents will be disclosed in compliance with the court's scheduling orders. On this basis, no document will be provided in response to this request.

(*Id.* at 7).

The Court construes Plaintiff's request to be for documents that Defendant Swetalla may use at trial as a defense to Plaintiff's claims of sexual assault and excessive force. This is not vague. The remaining objections were addressed above with respect to Plaintiff's request for production of documents directed to Defendant Cano. For the same reasons as above, the Court overrules the objections.

Defendant is ordered to produce ***all documents Defendant Swetalla may use at trial or otherwise in its defense in this case to Peralta's claims against Defendant Swetalla of sexual assault and excessive force.***

### 3. Request to Powers

Plaintiff made the following request to Defendant Powers:

7

> Plaintiff Peralta specifically requests the following non-confidential documents as they relate to his placing and keeping him in administrative segregation from 11/16/15 through February 10, 2016.
>
> Any memoranda, reports, whether written or stored in any other usable form for Peralta's inspection and review. Also being requested is any document you intend to use at trial as a defense to placing and or keeping Peralta in ad-seg instead of releasing him to a general population yard at CSP-LAC. This includes any classification documents you used at his ICC actions you attended between the dates of 11/25/15 and 2/10/16.

(ECF No. 40 at 10-11).

Defendant Powers responded as follows:

> Objection. The request is unduly burdensome as documents responsive to this request maintained in Plaintiff's central file, which is available for inspection and copying in accordance with institutional policies and procedures, and are equally available to Plaintiff.

(ECF No. 40 at 11).

The Court has already overruled these objections for other requests. For the same reasons, the Court overrules them again here. Thus, the motion to compel is granted as to this request. Defendant Powers is ordered to produce ***all non-confidential documents regarding Plaintiff's placement and stay in administrative segregation from 11/16/15 through February 10, 2016, including any classification documents used at Plaintiff's ICC actions you attended between the dates of 11/25/15 and 2/10/16.***

### C.     Interrogatories

Plaintiff seeks to compel answers to four interrogatories, which the Court addresses in turn.

#### 1.     Machado 11

Plaintiff made the following request to Defendant Machado: "Is it your contention that your subordinate officer did not use excessive force or sexually assault Peralta on 10/27/15 and Peralta used this as an excuse to leave the yard due to his 'debt.'" Defendant Machado responded: "Responding party objects to this request on the grounds that it calls for speculation or a contention, presumes as true facts that have not been established as true, and lacks foundation." (ECF No. 43 at 3-4).

Defendant Machado's objections are overruled. Plaintiff is asking whether Defendant Machado makes this contention. It does not call for speculation or assume any facts as true. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact . . . but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

Discovery has otherwise closed, and the Court will not delay Defendant Machado's response. Therefore, Court overrules these two objections. Defendant Machado is ordered to respond to Interrogatory 11 in full.

### 2. Machado 12

Plaintiff asked: "Are you aware of the fact that Peralta has went to custody staff on at least four or five occasions because he was assaulted by other prisoners, during this term under the CDC # P-33314."

Defendant Machado objected: "Responding party objects to this request on the grounds that it is vague as to time and officers to whom it was allegedly reported, and calls for speculation as Plaintiff was not housed at CCI for his entire term of imprisonment, thus, responding party cannot know whether Plaintiff ever reported that he had been assaulted." (ECF No. 43 at 4).

Defendant Machado's objection is overruled. Plaintiff is asking about whether Defendant Machado is aware of what Plaintiff believes are facts. Defendant Machado should respond whether Defendant Machado is or is not aware of those facts. If Defendant Machado is not aware of those facts, or disagrees that Plaintiff correctly states the facts, the response shall so indicate.

Defendant Machado is ordered to respond to Interrogatory Number 12 in full.

### 3. Machado 14

Plaintiff asked Defendant Machado: "Is it your contention that plaintiff Peralta did not report the crimes of sexual assault and excessive force to you on 11/4/15 regarding your subordinate staff on facility C at CCI." (ECF No. 45). Defendant Machado responded: "Responding party objects to this request on the grounds that it calls for speculation, as I would not know if Plaintiff reported the information to another staff member. Without waiving this objection, Plaintiff reported the alleged assault to his mental healthcare clinician, who reported

the information to the Facility Captain." (*Id.*).

Plaintiff argues that the response is insufficient because Defendant Machado "does not admit plaintiff reported his physical and sexual assault to him on 11/4/15, he puts it off on plaintiff only telling C. Sanders." (ECF No. 40 at 3).

Defendants do not argue that this response was proper. Plaintiff is correct: Defendant Machado does not answer the question asked. Plaintiff asks whether he "report[ed] the crimes of sexual assault and excessive force **to you** on 11/4/15," (ECF No. 40 at 3) (emphasis added), but Defendant Machado's response deals with whether Plaintiff told anyone else, (ECF No. 45). Therefore, the Court orders Defendant Machado to respond to this interrogatory in full.

### 4. Cano 12

Plaintiff asked Defendant Cano: "As the Chief Deputy Warden, are you made aware of how many people are placed and or kept in ad-seg at CSP-LAC." Defendant Cano responded: "Responding party objects to this request on the grounds that it is vague as to time, overly broad, calls for speculation, and is not relevant to the claims or defenses of this matter. Without waving these objections, and to the extent Plaintiff is asking if responding party obtained a head count as to the number of inmates retained in segregation every day, no." (ECF No. 43 at 4-5).

Plaintiff argues that this response is insufficient because it does not answer whether "he was aware of how many people were in, or kept in ad-seg at his facility." (ECF No. 40 at 4). It appears that Defendant Cano has answered: he does not get a daily total. Therefore, the Court will deny Plaintiff's motion to compel as to this response.

## IV. CONCLUSION

The Court will compel Defendants to update aspects of their responses. These responses may influence Plaintiff's opposition to Defendants' motion for summary judgment, (ECF No. 37). Therefore, the Court will provide Plaintiff with the opportunity to supplement his opposition to Defendants' motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff's motion to compel (ECF No. 40) is GRANTED IN PART and DENIED IN PART, as described above;

2)       Defendants shall provide responses to the compelled discovery requests within thirty days of the date of service of this order and shall file a notice with the Court when they serve their responses;

3)       Plaintiff may supplement his opposition to Defendants' motion for summary judgment (ECF No. 37) within thirty days of Defendants' notice; and

4)       Defendants may file a reply to the supplemental opposition no later than fourteen days after the date the opposition is filed.

IT IS SO ORDERED.

Dated:   **March 10, 2021**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE