UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA,<br><br>            Plaintiff,<br><br>    v.<br><br>J. SWETALLA, et al.,<br><br>            Defendants. | Case No. 1:18-cv-01023-DAD-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

      Plaintiff Cion Peralta is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The Court has determined that this case will benefit from a settlement conference.  Therefore, this case will be referred to Magistrate Judge Helena M. Barch-Kuchta to conduct a settlement conference at the U.S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #6 on December 10, 2021 at 10:00 a.m.

      The Court will issue the order detailing the procedures for the settlement conference and the necessary transportation order in due course.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. A settlement conference is set for December 10, 2021 at 10:00 a.m. in Courtroom #6 before Magistrate Judge Helena M. Barch-Kuchta at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721.[1]

---

[1] In light of the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the Court may issue an order at a later date requiring the parties to appear remotely by video conference.

1

2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person[2].

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

IT IS SO ORDERED.

Dated: **September 8, 2021**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conference. . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("[T]he district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).