UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA,<br><br>             Plaintiff,<br><br>      v.<br><br>J. SWETALLA, et al.,<br><br>             Defendants. | Case No. 1:18-cv-01023-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES; DENYING REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 72) |

**I.      BACKGROUND**

Plaintiff Cion Peralta is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Swetalla for sexual assault and excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and negligence; Plaintiff's First Amendment retaliation claim against Defendant Machado; and Plaintiff's Fourteenth Amendment due process claim against Defendant Powers. (ECF Nos. 55, 57).

On January 26, 2022, Plaintiff filed a motion for attendance of witnesses and request for judicial notice. (ECF No. 72). On February 18, 2022, Defendants filed an opposition. (ECF No. 74).

1

**II. MOTION FOR ATTENDANCE OF WITNESSES AND REQUEST FOR JUDICIAL NOTICE**

Plaintiff requests the attendance of the following eight persons, whom he asserts have agreed to testify without being subpoenaed:

1. Frank Kingery C-72897. This individual was plaintiff's cell mate and witnessed many assaults by Tehachapi guards in our building. As well as who was assaulted and exactly what cells they were in as all assaults were visible to both of us.

2. Ryan Rockwell AV 2589. This individual may be paroled by now and may need to be contacted by plaintiff's attorney.

3. Patrick Lurch V-10263. Plaintiff is unaware of his new location, and he too may be paroled by now. This witness too can verify the violence committed against prisoners, and is a victim of assault himself.

4. Ray Hardin AM1601. This person paroled in 2016 [o]r 2017 but may be back in the sy[s]tem. He too has witnessed serious violence against people stuck in Tehachapi Prison.

5. Joe Hidalgo K-66110. As with the rest, he is one of a handful of people willing to testify to the violence guards did to people that filed grievances, or spoke out about the staff at Tehachapi Prison.

6. David Granderson [1]AT0490. This person will testify to the same acts of violence against people at Tehachapi Prison.

7. Paul Winkler AW7575. Same testimony as above.

8. Miguel Garcia AR0806. Same testimony as above.

(ECF No. 72, p. 2).

Plaintiff states that he "cannot state exactly what some of these listed witnesses saw, but all of their testimony is related to the violence staff committed on people at that prison, and the very real fear people were subjected to." (*Id.* at 3). And he does not know the location of these persons, and, if the Court will not allow them to testify, he "will have his attorney locate and or depose these individuals."[2] (*Id.*). Lastly, Plaintiff asks the Court to take judicial notice of the fact that, before Defendants' claim of him having "gambling debts," he "was writing to outside

---

[1] Plaintiff identifies this person as "David Garison" but the referenced inmate number reveals that this person's name is "David Granderson."

[2] Plaintiff references having an attorney in his motion. However, Plaintiff is appearing *pro se*. Should Plaintiff obtain counsel to represent him, he shall notify his attorney that counsel is required to enter an appearance on his behalf. *See* Local Rule 182(a)(1).

2

authorities to get an investigation into the corruption and abuses at [Tehachapi] Prison." (*Id.*).

Defendants respond that the motion should be denied for four reasons: (1) Plaintiff failed to identify any of these individuals in his pretrial statement; (2) he failed to provide any addresses for these individuals; (3) Plaintiff has failed to make a particularized showing as to their willingness to testify; and (4) at least five of these individuals are no longer incarcerated (at least within the California state prison system). (ECF No. 74). As to the request for judicial notice, Defendants argue that the fact is subject to reasonable dispute.

### III.  ANALYSIS

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006); *accord Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Lopez v. Cate*, 2016 WL 3940341, at *2 (E.D. Cal. July 20, 2016).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," *Cummings*, 2006 WL 449095, at *3, the Court will deny Plaintiff's motion.

First, as Defendants argue, Plaintiff has failed to comply with this Court's orders regarding the attendance of witnesses: (1) he failed to identify any of them in his pretrial statement as required, (ECF No. 70-1, p. 4; ECF No. 71); (2) he failed to provide any address for them as required, (ECF No. 70, p. 2; ECF No. 72); (3) he has failed to state "when and where the prospective witness informed [him] of [their] willingness" to testify as required, (ECF No. 70, p.

3

3; ECF No. 72); and (4) the CDCR website indicates[3] that Kingery, Rockwell, Lurch, Winkler, and Garcia are no longer in custody (at least within the California state prison system) and no motion is needed for unincarcerated witnesses who agree to testify voluntarily, (ECF No. 70, p. 4).

Moreover, as Defendants note, Plaintiff does not state that any witness actually saw or heard anything relating to the facts giving rise to Plaintiff's claims in this case. (ECF No. 74, p. 4-5). Rather, Plaintiff only argues that the witnesses will have knowledge of other unrelated assaults occurring in prison. Accordingly, Plaintiff's motion reveals that none of these person's presence will substantially further the resolution of this case and thus his motion will be denied. *See Jackson v. Mendez*, 735 F. App'x 316, 318 (9th Cir. 2018) (unpublished) (upholding district court's decision to exclude "testimony by three inmate witnesses regarding other assaults allegedly committed" by a defendant prison official)); *see* Fed. R. Evid. 404(b) (stating that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Indeed, the alleged assaults that the witnesses would testify about do not appear to involve the defendants in this case.  Testimony about alleged assaults taking place at the prison by other guards at the prison are too unrelated to the incident at this case to be relevant and helpful to the jury.

Lastly, Plaintiff summarily requests the Court to take judicial notice of the fact that, before Defendants' claim of him having "gambling debts," he "was writing to outside authorities to get an investigation into the corruption and abuses at [Tehachapi] Prison." (ECF No. 72, p. 3). Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The decision to take judicial notice lies within a court's discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

---

[3] The Court's independent review of the CDCR website confirms Defendants' representation.

As an initial matter, Plaintiff fails to offer any developed argument or cite any legal authority explaining why it is necessary for the Court to take judicial notice of the fact that he was writing authorities to investigate prison corruption and abuses before Defendants' claim of him having "gambling debts." Moreover, the asserted fact is neither generally known nor readily determinable from sources whose accuracy cannot reasonably be questioned, and is thus subject to reasonable dispute by Defendants. Accordingly, the Court declines to take judicial notice.

**IV.     ORDER**

Based on the above reasons, IT IS ORDERED that Plaintiff's motion for attendance of witnesses and request for judicial notice (ECF No. 72) is denied.

IT IS SO ORDERED.

Dated:   **March 11, 2022**                       /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE