UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. SWETALLA, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01023-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(ECF No. 75).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER FOR PLAINTIFF TO SUPPLEMENT PRETRIAL STATEMENT AND DEFENDANTS TO FILE PRETRIAL STATEMENT BY APRIL 19, 2022;<br><br>RESETTING TELEPHONIC TRIAL CONFIRMATION HEARING FOR MAY 23, 2022, AT 1:30 P.M. |

     Plaintiff Cion Peralta is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 3, 2021, the Court set a trial confirmation hearing for April 4, 2022, and ordered Plaintiff to file a pretrial statement on January 31, 2022, and Defendants to file their pretrial statement on February 28, 2022. (ECF No. 70). Plaintiff filed a pretrial conference statement on January 26, 2022, along with a motion for attendance of incarcerated witnesses. (ECF Nos. 71, 72). On February 22, 2022, rather than file their pretrial statement, Defendants filed a motion to dismiss the case in its entirety on the basis that Plaintiff's pretrial statement did not include all sections specified in Local Rule 281. (ECF No. 75).

For the reasons given, the Court will recommend that Defendants' motion to dismiss be denied. Furthermore, the Court will order Plaintiff to file a supplement to his pretrial statement and for Defendants to file their pretrial statement, and will reset the telephonic trial confirmation hearing.

### I.  BACKGROUND

This action has been pending since July 30, 2018, and proceeds on Plaintiff's claims against Defendant Swetalla for sexual assault and excessive force in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and negligence; Plaintiff's First Amendment retaliation claim against Defendant Machado; and Plaintiff's Fourteenth Amendment due process claim against Defendant Powers. (ECF Nos. 55, 57). Following extensive briefing, the District Judge has denied summary judgment on the following claims, which now proceed to trial: Plaintiff's First Amendment retaliation claim against Defendant Machado and Plaintiff's Fourteenth Amendment due process claim against Defendant Powers. (ECF No. 57).

On December 3, 2021, the Court set a trial confirmation hearing for April 4, 2022, and ordered Plaintiff to file a pretrial statement on January 31, 2022, and Defendants to file their pretrial statement on February 28, 2022. (ECF No. 70).

Plaintiff timely filed a pretrial conference statement on January 26, 2022. (ECF No. 71). Plaintiff's statement included statements of undisputed and disputed facts. Plaintiff's statement at times referred to information submitted in connection with his opposition to summary judgment, including his statement of undisputed facts.  Plaintiff's statement identified potential evidentiary issues. Regarding witnesses and evidence to be presented at trial, Plaintiff wrote "plaintiff will use his personal testimony to prove the statements in the complaint, as well as documents from the defendants and the appeals process within the state prison system. This includes discovery materials provided by the defendants, exhibits attached to plaintiff's 'concise statement of disputed facts' already submitted to the court." (ECF No. 71, at p. 3). Plaintiff also separately filed a motion for attendance of incarcerated witnesses. (ECF No. 72).

Defendants did not file any pretrial statement, as ordered by the Court. Instead,

Defendants filed a motion to dismiss the case in its entirety on the basis that Plaintiff failed to fully comply with Local Rule 281. (ECF No. 75, p. 1 ("Defendants Swetalla, Powers and Machado respectfully move the Court for dismissal of this action or, alternatively, for an order to show cause why this action should not be dismissed on the grounds that Plaintiff Peralta failed to comply with the pretrial statement requirements of Local Rule 281(b) as directed by the Court."). For example, Defendants point out that "Peralta failed to set forth a 'statement whether appointment by the Court of impartial expert witnesses or limitation of the number of expert witnesses is advisable' as required by Local Rule 281(b)(19)" and "Peralta failed to set forth a 'statement whether attorneys' fees are sought and the time and manner in which they are to be ascertained' as required by Local Rule 281(b)(20)." (*Id.* at 6). Notably, Plaintiff is not represented by an attorney.

## II. ANALYSIS OF MOTION TO DISMISS

The Court recommends denying Defendants' motion to dismiss. The Court knows of no authority to dismiss a case in its entirety because a timely filed pretrial conference statement, especially of a *pro se* party, failed to include all sections specified in the Local Rule. Indeed, Defendants cite to no cases at all in support of their request to dismiss this case. While the Court appreciates the importance of following Court rules, dismissal of a case in its entirety, after surviving summary judgment, is not a sanction to be done lightly and without any opportunity to cure the defect.

Defendants' prejudice is also minimal. Plaintiff's pretrial statement references the extensive submissions in his opposition to the motion for summary judgment. Plaintiff also filed his motion for attendance of incarcerated witnesses, which identifies the witnesses he wished to appear at trial.[1] Moreover, many of the missing sections would not be applicable to this case such as "dispositions as to defaulting parties."

In short, the Court finds Defendants' motion to dismiss to be frivolous and recommends that it be denied.

---

[1] The Court denied Plaintiff's motion for attendance of incarcerated witnesses. (ECF No. 76).

### III.     ORDER REGARDING PRETRIAL STATEMENTS

Defendants' deadline to file pretrial statements was February 28, 2022. However, Defendants did not file a pretrial statement. Although they included an alternative request for additional time to file a pretrial statement if the motion to dismiss was denied, the Court did not grant this request before the deadline expired. Nor does a motion to dismiss automatically excuse Defendants' filing of a pretrial statement. If Defendants believed they had a basis to dismiss the case for this reason, they could have filed the motion to dismiss along with a pretrial statement.

Defendants do not provide any reason why they needed additional information from Plaintiff before filing their own statement. Unlike Plaintiff, Defendants are represented by counsel. Defendants are aware of Plaintiff's factual and legal positions through the briefing on the motion for summary judgment. Defendants do not argue that any of their disclosures depended on what Plaintiff provided in his.

Defendants' omission has disrupted the trial schedule in this case. This case is set for a telephonic trial confirmation hearing on April 4, 2022, yet the Court still does not have Defendants' pretrial statement.

Accordingly, the Court will order that both parties file pretrial statements within approximately thirty days of this order. Plaintiff shall supplement his pretrial statement to specifically identify any witnesses or documents that he intends to bring at trial.

The Court will also reset the telephonic trial confirmation hearing to allow time for submission of these statements.[2]

### IV.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS ORDERED as follows:

1.     No later than April 19, 2022, Plaintiff shall file a supplement to his pretrial statement that must include a list of witnesses and exhibits that he intends to use at trial;

2.     No later than April 19, 2022, Defendants shall file their pretrial statement;

---

[2] If either party believes that there are deficiencies with the other party's pretrial statement following this new deadline, they may raise that issue at the telephonic trial confirmation hearing before the District Judge.

4

3. The April 4, 2022 telephonic trial confirmation hearing is reset for May 23, 2022, at 1:30 p.m. before the assigned District Judge. To participate telephonically, the parties must dial into the conference at 877-402-9757, using access code 6966236, at the time of the hearing. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing.

Additionally, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 75) be denied.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, either party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: __March 16, 2022__          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE