UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION PERALTA,<br><br>                      Plaintiff,<br><br>            v.<br><br>J. SWETALLA, et al.,<br><br>                      Defendants. | No.  1:18-cv-01023-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 77) |

      Plaintiff Cion Peralta is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      By order filed December 3, 2021, the assigned magistrate judge:  1)  scheduled this case for a trial confirmation hearing before the undersigned; and 2) directed the parties to file Pretrial Statement as required by Local Rule 281 prior to that hearing.  (Doc. No. 70.)  On February 22, 2022, defendants moved to dismiss this action due to plaintiff's failure to file a Pretrial Statement that complied with the requirements of Local Rule 281 because it did provide information addressing each topic covered by the rule.  (Doc. No. 75.)  On March 16, 2022, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion to dismiss be denied.  (Doc. No. 77.)  The magistrate judge found defendants' motion to dismiss to

1

1   be frivolous in light of plaintiff's *pro se* status because plaintiff's asserted lack of compliance
2   with the Local Rules only minimally prejudiced defendant since "many of the missing sections
3   would not be applicable to this case." (*Id.* at 3.) However, the magistrate judge did
4   order plaintiff to "supplement his pretrial statement to specifically identify any witnesses or
5   documents that he intends to bring at trial." (*Id.* at 4.)

6   The findings and recommendations were served on all parties and contained notice that
7   any objections must be filed within fourteen days of service and any response to objections must
8   be filed fourteen days thereafter. (*Id.* at 5.) On March 30, 2022, defendants filed timely
9   objections. (Doc. No. 79.) To date, plaintiff has filed no objections and no response to
10  defendants' objections, and the time in which to do so has now passed. Plaintiff filed his
11  Supplemental Pretrial Statement on March 28, 2022. (Doc. No. 78.)

12  In their objections, defendants argue that because plaintiff has since filed a Supplemental
13  Pretrial Statement that complies with the Local Rules, the undersigned should decline to adopt the
14  findings and recommendations as moot. (Doc. No. 79 at 1.) Defendants devote much of their
15  objections to arguing that because plaintiff's initial pretrial statement was non-compliant with the
16  Local Rules, their motion to dismiss this action based on plaintiff's filing of a defective Pretrial
17  Statement was not frivolous. (*Id.* at 2–4.) Defendants argue that dismissal is an appropriate
18  sanction for "failure to comply with the pretrial statement requirements are specifically directed
19  by Federal Rule of Civil Procedure 16(f) and also captured by Local Rule 110 (sanctions for
20  noncompliance with rules)" as well as the magistrate judge's order setting the telephonic trial
21  confirmation hearing, which stated that "failure to file pretrial statements as required by this order
22  may result in the imposition of appropriate sanctions, which may include dismissal of the action
23  or entry of default." (*Id.* at 2 (quoting Doc. No. 70 at 5).)

24  Defendants' arguments are unpersuasive. If defendants were correct that the failure of
25  plaintiff's initial Pretrial Statement to comply with the Local Rules in the first instance was
26  sufficient to warrant dismissal, such argument would not be mooted because plaintiff later
27  complied with the Local Rules, as he did here when he filed a Supplemental Pretrial Statement in
28  response to the pending findings and recommendations. Furthermore, although the pending

2

findings and recommendations described defendants' motion as frivolous, the magistrate judge did not recommend the imposition of any sanctions related to that finding. (Doc. No. 77 at 3.) Additionally, the undersigned agrees with the pending findings and recommendations that "dismissal of a case in its entirety, after surviving summary judgment, is not a sanction to be done lightly and without any opportunity to cure the defect[,]" particularly when a *pro se* party is involved and filed a timely if non-compliant pretrial statement. (Doc. No. 77 at 3.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendants' objections, the court finds the findings and recommendations to be fully supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on March 16, 2022 (Doc. No. 77) are adopted in full; and
2. Defendants' motion to dismiss (Doc. No. 75) is denied.

IT IS SO ORDERED.

Dated: **April 26, 2022**

UNITED STATES DISTRICT JUDGE